Mr. Alan B. Cohn Attorney for the Hollywood Economic Growth Corporation, Inc. Post Office Box 229010 Hollywood, Florida 33022-9010
Dear Mr. Cohn:
You have asked for my opinion on substantially the following question:
Are meetings of the Hollywood Economic Growth Corporation, Inc., subject to the requirements of the Government in the Sunshine Law when the corporation is assisting the City of Hollywood in implementing the federal HUD 108 Loan Program?
In sum:
The Hollywood Economic Growth Corporation, Inc., is subject to the requirements of the Government in the Sunshine Law when the corporation is assisting the City of Hollywood in implementing the federal HUD 108 Loan Program.
The Hollywood Economic Growth Corporation, Inc. (HEGC) was created as a not-for-profit organization in 1994. The corporation "is separate, independent and autonomous from the City of Hollywood, Florida, and is not intended to exist or to be construed as an agency or arm of the City of Hollywood, Florida."[1] The purpose of HEGC is "[t]o promote economic development and investment within the City of Hollywood, Florida."[2] The corporation is empowered "[t]o coordinate business development activities, including the creation of new business in Hollywood, Florida, and the attraction of new business thereto, the development and expansion of minority businesses, the encouragement of existing businesses to remain and expand within Hollywood, Florida."[3]
The corporation exists "[t]o plan, foster, encourage, support and promote economic development and growth in the City of Hollywood, Florida, in an effort to expand the local tax base, increase local employment, and improve the general welfare, prosperity and quality of life of the residents of the City of Hollywood, Florida."[4] HEGC may solicit, receive or generate funds from persons, entities or any unit or agency of government and is charged with collecting and disseminating economic data and research in cooperation with local, state and federal governments to promote economic development in Hollywood.[5] The corporation is also authorized by its bylaws "[t]o undertake, alone or in cooperation with other interested organizations or persons, programs, activities or appearances designated to encourage and assist the creation, location or expansion of compatible industries in Hollywood, Florida[.]"[6]
Members of HEGC include the City of Hollywood, the Greater Hollywood Chamber of Commerce, the Chairman of the Hollywood Strategic Planning Committee, and individuals and business entities from the private sector who satisfy the criteria for membership established by the board of directors and are invited to become members.[7] The direction and management of the corporation's affairs is vested in a board of directors made up of private sector directors elected by the voting membership, public sector directors, an ex officio director and the chamber director.[8] The public directors are: the City Manager of the City of Hollywood; one elected official of the City of Hollywood, appointed by the city commission; and the director of a local vocational-technical center or other educator knowledgeable in workforce training issues appointed by the city commission.[9] The president of the Broward Economic Development Council is an ex officio director of the board and the chamber director is an appointee of the Greater Hollywood Chamber of Commerce.[10]
According to your letter, HEGC has become involved in the federal HUD 108 Loan Program with the City of Hollywood. Section 108 of the Housing and Community Development Act of 1974 is a loan guarantee provision of the Community Development Block Grant Program. Section 108 provides communities such as Hollywood with a source of financing for economic development, housing rehabilitation, public facilities and large-scale physical development projects. Eligible applicants include metropolitan cities and urban counties.
You advise that HEGC's involvement with the HUD 108 program will be limited to three levels. HEGC will market the program under HUD 108 guidelines to identify potential applicants. HEGC will also prequalify the eligibility of the applicants and their proposed projects. Finally, HEGC will provide assistance to the potential applicants in completing their applications and preparing their applications for submission to the city.
You note that under the program HEGC will not process the applications. HEGC will not take a position on the acceptance of applications nor administer and monitor the progress of projects. HEGC will not control the deposit or disbursal of funds and will not monitor their repayment or collect repayments. HEGC will play no part in the City of Hollywood's decision-making process as to who eventually qualifies for and receives the benefits of the program. Finally, you have advised this office that under HUD 108 guidelines, it is not a local government's responsibility to prequalify applicants for the proposed projects or to assist in the completion of the application and preparation of the application for submission.
Your question is whether the Hollywood Economic Growth Corporation, Inc. is subject to the requirements of the Government in the Sunshine Law when it is performing its role relating to the Section 108 program.
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission at which official acts are to be taken are to be open to the public. The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[11] In interpreting the Government in the Sunshine Law, the courts have stated that it was the intent of the Legislature to bind "every `board or commission' of the state, or of any agency or political subdivision over which it has dominion and control."[12]
A private organization that performs services for a public agency and receives compensation for such services is not, by virtue of that relationship alone, subject to section 286.011, Florida Statutes. The courts have generally considered whether there has been a delegation of the public agency's governmental or legislative functions or whether the private organization plays an integral part in the public agency's decision-making process.[13]
The Court in Town of Palm Beach v. Gradison[14] construed the scope of section 286.011, Florida Statutes, as extending to include the "inquiry and discussion stages" of meetings of public bodies. The Court held that an advisory lay group of citizens served as an arm of the town council by serving part-time as the alter ego of the council to make tentative decisions guiding zoning planners. Much of the administrative and legislative decision-making authority regarding zoning matters was delegated to this group, and therefore it was a board or commission subject to section 286.011, Florida Statutes.[15] In the IDS Properties case, the Third District Court of Appeal stated that:
"It is axiomatic that public officials cannot do indirectly what they are prevented from doing directly. Those to whom public officials delegate de facto authority to act on their behalf in the formulation, preparation and promulgation of plans on which foreseeable action will be taken by such public officials stand in the shoes of such public officials insofar as the application of the Government in the Sunshine Law is concerned."[16]
Although the Legislature has "no right to require meetings of civic organizations, unconnected with municipal government, to conform to the government in the sunshine law,"[17] I am unable to conclude that the Hollywood Economic Growth Corporation, Inc., when facilitating the City of Hollywood's participation in the HUD 108 Program, is "unconnected with municipal government."
HEGC's role in the HUD loan program involves three activities. First, the corporation will market the program under HUD guidelines in order to identify potential applicants. Second, HEGC will prequalify the eligibility of the applicants and their proposed projects. This will involve a certain amount of financial analysis being done by the corporation. Finally, HEGC will provide assistance to potential applicants in completing their applications and preparing those applications for submission to the city. While you have indicated that under HUD 108 guidelines it is not the responsibility of a local government to prequalify applicants or to assist in the application process, there is no question that HEGC will be acting on behalf of the city in undertaking these responsibilities: If HEGC does not market the HUD program to identify potential applicants, the city must do so, and if HEGC does not prequalify the eligibility of applicants and projects, the city must at some point screen these applicants to determine their eligibility for participation in this program. By accepting HEGC's offer of assistance, the City of Hollywood has, in effect, delegated to the corporation the authority to act on the city's behalf in the initial screening procedure for participation in the loan program. Such assistance will substantially benefit the city by streamlining the loan process. The corporation thus stands in the shoes of the city insofar as section 286.011, Florida Statutes, is concerned. To conclude otherwise would permit a significant exception to the Government in the Sunshine Law.
Therefore, it is my opinion that the Hollywood Economic Growth Corporation, Inc., is subject to the requirements of the Government in the Sunshine Law when the corporation is assisting the City of Hollywood in implementing the federal HUD 108 Loan Program.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 1.6.1, By-Laws of the Hollywood Economic Growth Corporation, (hereafter "by-laws").
[2] Section 1.6.2, by-laws.
[3] Section 1.6.3, by-laws.
[4] Section 1.6.4, by-laws.
[5] Sections 1.6.5. and 1.6.6, by-laws.
[6] Section 1.6.8, by-laws.
[7] Section 2.1, by-laws.
[8] Section 3.3, by-laws.
[9] Section 3.3.3, by-laws.
[10] Sections 3.3.4 and 3.3.5, by-laws.
[11] See, e.g., Times Publishing Company v. Williams,222 So.2d 470, 473 (Fla. 2d DCA 1969).
[12] Id.
[13] See, e.g., McCoy Restaurants, Inc. v. City of Orlando,392 So.2d 252 (Fla. 1980).
[14] 296 So.2d 473 (Fla. 1974).
[15] And see, IDS Properties, Inc. v. Town of Palm Beach,279 So.2d 353 (Fla. 4th DCA 1973), wherein the court held that there was no government by delegation exception to the Government in the Sunshine Law by undertaking to delegate the conduct of public business through the use of an alter ego.
[16] Id. at 356.
[17] Supra, n. 14 at 476.